Arturo Hernandez **LOPEZ**, Petitioner,

v.

Alberto R. **GONZALES**, Attorney General, Respondent.

No. 04–73362.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 11, 2005.*

Decided Oct. 19, 2005.

Arturo Hernandez Lopez, Garden Grove, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Emily A. Radford, Esq., Ari Nazarov, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HALL, T.G. NELSON and TALLMAN, Circuit Judges.

MEMORANDUM **

Arturo Hernandez Lopez, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order denying as untimely his motion to reopen removal proceedings. We deny in part and dismiss in part the petition for review.

Hernandez Lopez failed to raise in his brief any challenge to the BIA's denial of his motion to reopen. He consequently has waived any such challenge. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir.1996).

We lack jurisdiction to review Hernandez Lopez's equal protection challenges to

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

the BIA's underlying dismissal of his appeal from an immigration judge's denial of cancellation of removal, because Hernandez Lopez did not timely petition for review of the BIA's January 22, 2004, decision. *See id.* at 1258 (holding that alien's filing of motion to reopen does not toll statutory deadline for appealing underlying final order).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.